AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>Russell Gomez Dzul,<br><br>Defendant | Case No.   2:25-MJ-03509-DUTY |

FILED
CLERK, U.S. DISTRICT COURT

June 8, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of June 7, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, or Impeding Officers |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Steve Yoon
Complainant's signature

Steve Yoon, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 8, 2025 at 4:04 p.m.

Judge's signature

City and state:  Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
Printed name and title

AUSA: Thi Hoang Ho (x0596)

**AFFIDAVIT**

I, Steve Yoon, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Russell GOMEZ DZUL ("GOMEZ") for a violation of 18 U.S.C. § 111(a)(1): assaulting, resisting, or impeding certain officers or employees.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; video footage, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), Department of Homeland Security, and have been so employed since December 2022. Prior to my appointment with HSI, I was a SA for Diplomatic Security Service ("DSS"), U.S. Department of State, for three years, a Counterintelligence SA for Department of Defense for two years, and a U.S. Army active-duty Soldier, for four years. My relevant training includes the Criminal Investigator Training Program,

HSI Special Agent Training course, DSS Basic Special Agent Course, DoD Counterintelligence Agent Course, and U.S. Army Interrogator training. My duty as a HSI SA is to investigate various crimes of federal law. I am currently assigned to the HSI Los Angeles International Airport Group and have training and experience investigating assaults on federal officers. As part of my law enforcement training and experience, I have participated in the execution of search/arrest warrants and participated in the seizure of evidence.

### III. STATEMENT OF PROBABLE CAUSE

4. Based on my review of law enforcement reports, videos of the incident, and conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.   GOMEZ Assaulted an Agent in the Process of Attempting to Flee From Arrest**

5. On June 7, 2025, U.S. Border Patrol ("Border Patrol") Agents O.I. and L.M. were patrolling their assigned area in Los Angeles, California. Agents O.I. and L.M. were in uniforms that displayed their Border Patrol and police badges on their vests.

6. At approximately 12:55 p.m., Agents O.I. and L.M. were on foot in a parking lot attempting to pursue an unidentified individual suspected of criminal activity, when they observed a male subject, later identified as GOMEZ, on a passing bicycle. According to Agent O.I., GOMEZ appeared startled and nervous when he saw the agents, and GOMEZ abruptly changed course, moving away from the agents at accelerating speeds. Based on

GOMEZ's reaction and movements, Agent O.I. perceived GOMEZ to be attempting to evade the agents, and suspected GOMEZ of being in the U.S. illegally.

7.  Agent L.M. ordered GOMEZ to stop. GOMEZ did not comply, abandoned his bicycle, and fled on foot. Body-worn camera ("BWC") footage shows that Agents O.I. and L.M. pursued GOMEZ for several blocks and that GOMEZ attempted to conceal himself behind a parked vehicle. Agent L.M. ordered GOMEZ to surrender, but GOMEZ did not comply. When officers approached GOMEZ and attempted to arrest him, GOMEZ physically resisted arrest by forcefully pulling his arms away from the agents' grips. Agents O.I. and L.M. successfully placed GOMEZ into handcuffs, arrested him, and secured him into a marked Border Patrol vehicle in the rear passenger seat.

8.  Agents O.I. and L.M. remained on foot outside the Border Patrol vehicle when a group of protesters, comprised of approximately 5 to 15 people, confronted the agents and told them to "get the fuck out of here." Agents O.I.and L.M. ordered the crowd back and away from them, but the crowd did not comply. Based on my review of publicly available video footage of the incident, protesters were filming on their cell phones, yelling obscenities at the agents, and throwing items at the agents, including rocks. Agents O.I. and L.M. unholstered their oleoresin capsicum spray (commonly referred to as "pepper spray") but did not discharge the spray on the crowd. Specifically, Agent O.I. had his pepper spray cannister in his left hand.

9. Based on my review of publicly available video footage and conversations with Agent O.I., it appears that in attempting to exit the area, Agent L.M. opened the rear passenger door of the Border Patrol vehicle where GOMEZ was seated. The instant the door opened, GOMEZ pushed his weight against the door, moved his feet out of the vehicle, and attempted to get out of the vehicle. Agent O.I. physically blocked GOMEZ's exit and used his hands to restrain GOMEZ while still holding the pepper spray cannister in his left hand.

10. While GOMEZ was physically trying to force his way out of the Border Patrol vehicle, Agent O.I. attempted to push GOMEZ back into the vehicle, while simultaneously facing the crowd and with his back turned to GOMEZ. According to Agent O.I., he felt a shove on his hip from GOMEZ from behind in GOMEZ's attempt to get out of the vehicle. Based on my review of video footage, GOMEZ then wrapped his legs around Agent O.I.'s body and pulled his foot on Agent O.I.'s groin while GOMEZ was still fighting to get out of the door.[1]

11. Within minutes, Agent L.M. went to the driver's side passenger door of the Border Patrol vehicle and pulled GOMEZ back into the vehicle and away from Agent O.I.. Agents O.I. and

---

[1] During the struggle to prevent GOMEZ from fleeing, Agent O.I. tried to use both hands to restrain GOMEZ, while still holding his pepper spray in his left hand. Agents later discovered that during this physical struggle, there was an accidental discharge of a small drop of pepper spray on GOMEZ's right cheek as well as Agent O.I.'s left hand. Agents did not observe any physical symptoms or irritation on GOMEZ as a result of the accidental discharge. Later, at approximately at 6:30 p.m., when HSI agents attempted to interview GOMEZ, I asked him if he needed any medical attention, had any medical issues, or required any medicine.  GOMEZ declined all the foregoing.

L.M. subsequently secured GOMEZ in the vehicle again, entered the vehicle, and drove to a Customs and Border Protection ("CBP") location in El Segundo, California.

**B.   GOMEZ's Statements**

12.   On the same day, June 7, 2025, at approximately 3:12 p.m., while in CBP custody, Border Patrol Agent S.G. conducted an interview of GOMEZ in the Spanish Language. Agent S.G. provided GOMEZ his <u>Miranda</u> rights in the Spanish Language.

13.   Based on my conversations with Agent S.G., GOMEZ acknowledged he understood his rights and agreed to speak with Agent S.G.. During the interview, GOMEZ claimed he ran away from Agents O.I. and L.M. on instinct when he saw the "cop car." GOMEZ admitted that he trying to get out of the Border Patrol vehicle but that he could not because an agent was blocking the doorway. GOMEZ did not indicate whether he struck the agent or had any physical contact with the agent.

//
//
//
//
//
//

## IV. CONCLUSION

14. For all of the reasons described above, there is probable cause to believe that Russell GOMEZ DZUL has committed a violation of 18 U.S.C. § 111(a)(1).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __8th__ day of June
2025 at 4:04 p.m.

_____
THE HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE