1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   JOHNPAUL LECEDRE (Cal. Bar No. 303100)
5  Assistant United States Attorney
        Post-Conviction and Special Litigation Section
6       1400 United States Courthouse
        312 North Spring Street, 14TH floor
7       Los Angeles, California 90012
        Telephone: (213) 894-4447
8       Facsimile: (213) 894-0142
        E-mail:   johnpaul.lecedre@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                   UNITED STATES DISTRICT COURT

12                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 | UNITED STATES OF AMERICA, | CR No. 2:25-00503-BFM |
14 | Plaintiff, | |
15 | v. | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT CHALLENGING THE LEGALITY |
16 | RUSSELL GOMEZ DZUL, | OF DEFENDANT DETENTION; DECLARATION OF JOHNPAUL LECEDRE; |
17 | Defendant. | EXHIBIT 1 |

18

19     Plaintiff, UNITED STATES OF AMERICA, by and through its attorney

20 of record, Assistant United States Attorney JohnPaul LeCedre hereby

21 files this Motion In Limine Requesting that that Court Exclude

22 Improper Evidence and Argument Challenging the Legality of Defendant

23 RUSSELL GOMEZ DZUL's detention in the above-entitled matter.

24 //

25 //

26

27

28

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of JohnPaul LeCedre, attached exhibit, the files and records in this case, and such further evidence and argument as the Court may request or permit.

Dated: December 18, 2025        Respectfully submitted,

                                TODD BLANCHE
                                Deputy Attorney General

                                BILAL A. ESSAYLI
                                First Assistant United States
                                  Attorney

                                ALEXANDER B. SCHWAB
                                Assistant United States Attorney
                                Acting Chief, Criminal Division

                                  /s/ *JohnPaul LeCedre*
                                JOHNPAUL LECEDRE
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

ii

**TABLE OF CONTENTS**

I. INTRODUCTION....................................................1

II. BACKGROUND......................................................2

    A. Factual Background..........................................2

    B. Relevant Procedural Posture.................................4

III. ANALYSIS........................................................4

    A. Questions of Law Are for the Court, Not the Jury............4

    B. An Agent Does Not Act Outside of His "Official Duties" Merely Because a Detention Is Found to Be Unlawful after the Fact................................................6

    C. Evidence or Argument Challenging the Legality of the Detention or Arrest Is Inadmissible under the Federal Rules of Evidence...........................................7

        1. Rule 401: Alleged Illegality of the Detention or Arrest Is Not Relevant to any Element of the Charged Crime...........................................8

        2. Rule 403: Any Marginal or Theoretical Relevance Is Substantially Outweighed by the Risk of Jury Confusion, Prejudice, and Mini-Trials on Collateral Issues......................................8

        3. Rule 404: Policy-Based Institutional Attacks on Law Enforcement Are Improper Character Evidence......9

    D. The Narrow Excessive-Force Exception Does Not Apply and Does Open the Door to Legality Arguments Regardless.................................................10

    E. Requested Order and Scope of Exclusion.....................11

        1. Proposed Limiting Order............................11

        2. Permitted Background Evidence......................12

        3. Procedure for Excessive-Force Claims...............12

        4. Further Instruction to the Jury....................13

IV. CONCLUSION.....................................................13

**TABLE OF AUTHORITIES**

Lego v. Twomey, 404 U.S. 477 (1972)..................................5

Sparf et al. v. United States, 156 U.S. 51 (1895)....................4

United States v. Bailey, 444 U.S. 394 (1980).......................12

United States v. Feola, 420 U.S. 671 (1975)..................6, 8, 10

United States v. Acosta-Sierra, 690 F.3d 1111 (9th Cir. 2012)..12, 13

United States v. Alston, 974 F.2d 1206 (9th Cir. 1992)...............5

United States v. Bradley, 5 F.3d 1317 (9th Cir. 1993)................9

United States v. Curtin, 489 F.3d 935 (9th Cir. 2007)................9

United States v. Lemon, 824 F.2d 763 (9th Cir. 1987)................12

United States v. Span, 970 F.2d 573 (9th Cir. 1992)..........6, 8, 10

**STATUTES**

18 U.S.C. § 111................................................passim

**RULES**

Fed. R. Evid. 401................................................2, 8

Fed. R. Evid. 403.............................................2, 8, 9

Fed. R. Evid. 404................................................2, 9

Fed. R. Crim P. 12(b)(3)(C)..........................................5

**OTHER AUTHORITIES**

Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022
    ed.) (Assault on a Federal Officer or Employee, 18 U.S.C.
    § 111(a))........................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case is not a referendum on immigration enforcement or Border Patrol policy. It will present a single, narrow question for the jury: whether an already detained defendant forcibly assaulted a federal agent by kicking and pushing him during an attempt to exit a government vehicle after his apprehension. Under 18 U.S.C. § 111, the government is not required to prove that officers' actions were lawful, only that they were federal officers engaged in the performance of official duties.

The Court has already ruled, as a matter of law, on the legality of the detention and permitted this case to proceed. Dkt. 64 (Order on Defense Pretrial Motions). That legal determination is not for the jury to revisit. Allowing the defense to argue that the detention or arrest was unlawful would improperly invite the jury not only to opine on constitutional and policy questions outside of its role, but to consider an issue this Court has already decided. It is tantamount to soliciting nullification.

This motion is narrowly tailored. The government does not seek to exclude neutral background explaining that the officers were federal agents engaged in official duties, nor does it seek to foreclose any **lawful** affirmative defense claim. Rather, the government seeks to prevent the defense from improperly reframing this case as a critique of immigration enforcement instead of what it is: a misdemeanor prosecution for a simple assault on a federal agent.

Because the jury's task is limited to deciding Defendant's conduct—not the legality of the agents' actions—evidence or argument

1

challenging the lawfulness of the detention or arrest should be excluded under Federal Rules of Evidence 401, 403, and 404.

**II. BACKGROUND**

    **A. Factual Background**

On June 7, 2025, federal agents with U.S. Customs and Border Protection ("CBP") were conducting immigration enforcement operations in Los Angeles County. Ex 1 (Reproduced Report of Agent O.I.) at p. 2. They were driving marked patrol vehicles and wearing uniforms or other markings that readily and publicly identified them as law enforcement. Id. During a patrol in a residential area in Los Angeles, they encountered and detained Defendant. Id. at pp. 2-3. Defendant was and is in fact undocumented and without legal right to be in the United States. Declaration of AUSA JohnPaul LeCedre ("LeCedre Decl.") ¶ 4.

Agents placed Defendant in handcuffs and into the rear passenger compartment of the vehicle. Id. at 3. Shortly after, while the agents, who included testifying victim "O.I.," and testifying witness, "L.M.," were preparing to depart the area, a hostile crowd gathered around their marked government vehicle, menacing the agents by yelling and throwing objects at the agents and their vehicles, including causing significant damage to the vehicles.[1] Id. Sensing that they were in danger, the agents communicated to the crowd to maintain distance from their vehicles, while showing and pointing canisters of pepper spray. Id.

---

[1] The two relevant agents in this matter are referred to herein as "L.M." and "O.I." to preserve their privacy and in consideration of articulated safety concerns. The defense has access to their information via discovery produced subject to the parties' protective order.

2

|   |   |
|---|---|
| 1 | To hasten their departure from the neighborhood, Agent L.M. |
| 2 | opened the right rear door of the marked CBP vehicle to allow for |
| 3 | O.I. to enter the rear passenger compartment of the vehicle, where |
| 4 | Defendant was sitting. Id. Immediately upon doing so, Defendant |
| 5 | attempted to escape from the vehicle by shifting his body out of the |
| 6 | open door while yelling for the crowd's help. Id. This appeared to |
| 7 | have the effect of further stoking the crowd. Id. |
| 8 | Agent O.I. then placed his body in the threshold of the open |
| 9 | door to prevent Defendant from escaping—all while facing outward to |
| 10 | ensure the crowd did not interfere with his duties or endanger him or |
| 11 | his fellow agents. Id. Defendant continued to push and kick O.I., at |
| 12 | one point, placing his leg between O.I.'s legs and forcibly kicking |
| 13 | O.I. in the groin area. This caused O.I. to visibly react in pain. |
| 14 | Id.; see photos that follow. |

 

**Screenshots of CBP Agent body worn camera video and social media video, respectively depicting Defendant's attempt to escape and kick to Agent O.I.'s groin area. LeCedre Decl. ¶ 3.**

|   |   |
|---|---|
| 26 | Shortly after, Agents L.M. and O.I. were able to pull Defendant |
| 27 | back into the CBP vehicle, whereupon it left the area with Defendant |
| 28 | secured. Defendant was subsequently placed into CBP custody. Id. |

3

**B.   Relevant Procedural Posture**

On June 8, 2025, Defendant was charged by complaint with forcibly assaulting a federal officer, in violation of 18 U.S.C. § 111. Dkt. 1. On June 18, 2025, the government proceeded charging Defendant with the same count, as a Class A misdemeanor, by information. Dkt. 12. Thereafter, on October 2, 2025, Defendant moved to suppress evidence, arguing inter alia that Defendant's detention by federal agents was unlawful. Dkt. 43. The government opposed, arguing in part that Defendant's intervening act of allegedly assaulting a federal officer rendered the legality of the stop irrelevant to Defendant's alleged assault. Dkt. 50. The Court agreed, and although finding that the stop had been unlawful, it declined to suppress evidence of the assault following the detention. Dkt. 64, allowing the case to proceed to trial.

That ruling resolved the legality of the detention for the purposes of this case. This motion does not seek to relitigate that determination, but rather to ensure that the jury is not invited to reconsider its legality or to decide legal questions already resolved by the Court. Without a limiting order, it is substantially certain that the jury will be presented with argument or evidence inconsistent with the Court's ruling, thereby confusing the jury and undermining the Court's role as the arbiter of legal questions.

**III. ANALYSIS**

**A.   Questions of Law Are for the Court, Not the Jury**

It is fundamental in American jurisprudence that questions of law are reserved for the Court, while the jury's role is limited to resolving disputed facts and applying the law as instructed. Sparf et al. v. United States, 156 U.S. 51, 147 (1895). The legality of law

4

enforcement conduct—including whether officers acted lawfully or within the scope of their authority—is a legal determination for the Court, not a factual issue for the jury. United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992).

Consistent with that, Fourth Amendment challenges must be raised and resolved through pretrial motion practice. Fed. R. Crim P. 12(b)(3)(C). Once the Court has ruled on such an issue, the jury may not be invited to revisit it through evidence or argument at trial. See, e.g., Lego v. Twomey, 404 U.S. 477 (1972) (discussing the court's role in pretrial rulings as it relates to the jury's fact-finding role).

Allowing the jury to hear evidence of and assess the legality of the agents' conduct would improperly collapse that division of authority between question of law and question of fact. Just as the jury does not decide the admissibility of evidence or the application of a statute, it does not sit in this case to review the constitutionality of law enforcement actions. Those determinations are committed to the court as the trier of law. Permitting jurors to second-guess the Court's legal rulings would risk verdicts driven by disagreement with the law or law enforcement policy, rather than the facts the jury is charged to decide.

The risk is not hypothetical here. The Court has already addressed the legality of Defendant's detention as a matter of law and has permitted this case to proceed to trial. Allowing the defense to argue that the detention was unlawful at trial would invite the jury to reconsider an issue the Court has already decided—and found irrelevant to the charged offense—asking the jury to resolve the case on grounds outside its proper role. The Court should therefore

5

exclude evidence or argument that asks the jury to revisit the legality of the agents' conduct and confine the trial to the factual question before it: whether Defendant assaulted a federal agent engaged in his official duties.

### B. An Agent Does Not Act Outside of His "Official Duties" Merely Because a Detention Is Found to Be Unlawful after the Fact.

There is no credible question of fact in this case to suggest that Agent O.I. was not acting within his official duties, and the post hoc determination of an unlawful arrest is not legally relevant to the "official duties" determination. For purposes of 18 U.S.C. § 111, an agent acts "in the performance of official duties" when he is acting under color of his federal office and performing functions he is employed to perform. The statute does not condition "official duties" on the lawfulness or constitutional validity of the officer's conduct. See United States v. Feola, 420 U.S. 671, 678-80 (1975) (explaining that § 111 protects federal officers from forcible interference while performing official functions, regardless of a defendant's personal views about the legality of those actions); see also United States v. Span, 970 F.2d 573, 580 (9th Cir. 1992).

The Ninth Circuit has made clear that an officer does not step outside the scope of official duties merely because a detention or arrest is later determined to be unlawful. Rather, an officer acts outside official duties only when he abandons his federal role altogether and engages in conduct wholly unrelated to any legitimate law enforcement purpose—such as acting on a personal frolic or pursuing a purely private dispute. Span, 970 F.2d at 580. Mistakes of law, constitutional violations, or errors in judgment do not strip an officer of official-duty status under § 111.

Here, the officers were on duty, readily identifiable as federal agents, and engaged in immigration enforcement and custodial functions when the charged conduct occurred. Even assuming <u>arguendo</u> that the detention was unlawful—a legal issue already addressed by the Court—that conclusion does not remove the agents from the performance of official duties within the meaning of the statute. Permitting a defendant to argue otherwise would improperly collapse the distinction between "official duties" and "lawful conduct," invite the jury to revisit a legal issue already decided and misstate the governing law. The defense should therefore be precluded from arguing or implying that the agents were acting outside their official duties based on the alleged illegality of the detention.

**C. Evidence or Argument Challenging the Legality of the Detention or Arrest Is Inadmissible under the Federal Rules of Evidence**

Any defense attempt to argue that Defendant's detention or arrest was unlawful has no place in this trial. The legality of the detention is not an element of the charged offense, has already been resolved by this Court as a matter of law, and does not assist the jury in deciding the only question before it: whether Defendant assaulted a federal officer. Allowing such argument would divert the jury into collateral legal and policy disputes, invite nullification, and undermine the Court's prior rulings. The jury should not be asked to reconsider issues it is not empowered to decide or to evaluate the case through the lens of immigration enforcement policy, rather than Defendant's own conduct.

### 1. Rule 401: Alleged Illegality of the Detention or Arrest Is Not Relevant to any Element of the Charged Crime

Evidence is relevant only if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. The legality of Defendant's detention or arrest is not a fact of consequence in a prosecution under 18 U.S.C. § 111. To prove the elements of the offense, the government need not prove that the agents acted lawfully, constitutionally, or even with valid authority; it must prove only that the officers: 1) were federal officers engaged in official duties, and 2) that Defendant assaulted them during those duties. See Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (Assault on a Federal Officer or Employee, 18 U.S.C. § 111(a)); Feola, 420 U.S. at 679-80; Span, 970 F.2d at 580.

Because the lawfulness of the detention or arrest does not bear on any element the jury must decide, evidence or argument offered to show that the detention was unlawful does not make any fact of consequence more or less probable and is therefore irrelevant under Rule 401.

### 2. Rule 403: Any Marginal or Theoretical Relevance Is Substantially Outweighed by the Risk of Jury Confusion, Prejudice, and Mini-Trials on Collateral Issues

Even assuming the legality of the detention or arrest had some minimal relevance, it would still need to be excluded under Federal Rule of Evidence 403. Allowing the defense to argue or present evidence that the defendant was unlawful would fundamentally distort the trial by improperly shifting the jury's focus away from Defendant's charged conduct and toward collateral constitutional and policy questions the jury is neither tasked nor equipped to resolve.

8

The prejudice here is not abstract. The charged conduct occurred in a volatile environment involving a hostile crowd, heightened emotions, and video evidence capturing a rapidly unfolding encounter. In that context, evidence suggesting jurors to excuse or justify Defendant's use of force based on disagreement with law enforcement or immigration policy generally, rather than on the elements of § 111. That is precisely the type of nullification risk that Rule 403 exists to prevent.

### 3. Rule 404: Policy-Based Institutional Attacks on Law Enforcement Are Improper Character Evidence

The defense may not introduce evidence or argument attacking immigration enforcement or Border Patrol practices to suggest that the officers acted improperly in this case. Such arguments constitute impermissible character or propensity evidence barred by Rule 404. See United States v. Bradley, 5 F.3d 1317, 1320-21 (9th Cir. 1993). In sum, Rule 404 prohibits using generalized conduct to prove propensity for action in a specific instance.

Allowing the jury to hear evidence about broader immigration policy or alleged institutional misconduct would invite the jurors to judge the case based on their views of law enforcement rather than the defendant's actions. Courts routinely exclude such evidence where it serves only to inflame the jury or encourage verdicts based on policy disagreement rather than proof of a fact beyond a reasonable doubt. See United States v. Curtin, 489 F.3d 935, 957-58 (9th Cir. 2007) (en banc) (discussing Rule 403/404 discretion).

A trial under § 111 cannot be transformed into a plebiscite on immigration enforcement. Rule 404 forbids that mode of "proof" as part of a jury's determination of fact.

9

**D.   The Narrow Excessive-Force Exception Does Not Apply and Does Open the Door to Legality Arguments Regardless**

In a prosecution under 18 U.S.C. § 111, a defendant may not forcibly resist a federal agent based on a belief that the agent's actions were unlawful. Feola, 420 U.S. at 684-85. The sole, narrow exception recognized by the Supreme Court and Ninth Circuit permits evidence of officer conduct only where a defendant asserts self-defense based on the use of excessive force. That exception does not permit generalized challenges to the legality of a detention or arrest, nor does it authorize the jury to assess constitutional compliance or law enforcement authority.

The Ninth Circuit has made clear that alleged illegality does not remove an agent from the performance of official duties and does not justify forcible resistance. Span, 970 F.2d at 580. Evidence concerning agent conduct is relevant only insofar as it bears on whether excessive force was used and whether Defendant's response was proportionate. Id. Alleged Fourth Amendment violations do not trigger the excessive-force exceptional and may not be repackaged as a self-defense theory.

Here, the defense has made no threshold proffer that the agents used excessive force. The conduct at issue involves agents maintaining custody and preventing a handcuffed defendant from escaping from a government vehicle in a volatile environment. Allowing Defendant to invoke the excessive-force exception would improperly reopen the legality of the detention, invite the jury to reconsider legal questions already resolved by the Court, and undermine the orderly administration of the trial. Accordingly, any evidence or argument predicated on excessive force should be excluded

unless and until Defendant establishes its relevance outside of the presence of the jury.

### E.   Requested Order and Scope of Exclusion

The government respectfully requests that the Court enter an order precluding the defense from introducing evidence or argument that is inconsistent with the Court's prior rulings or would invite the jury to decide issues outside its proper role.

#### 1.   Proposed Limiting Order

The defense shall not:

- Argue, suggest, or imply that Defendant's detention or arrest was unlawful, unconstitutional, or lacked legal authority;
- Argue or suggest that alleged illegality of the detention removed the officers from the performance of official duties within the meaning of 18 U.S.C. § 111;
- Invite the jury to reconsider or pass judgment on the legality of the detention, arrest, immigration enforcement authority, or constitutional compliance already resolved by the Court;
- Introduce evidence or argument concerning immigration enforcement policy, Border Patrol practices, or alleged institutional misconduct unrelated to Defendant's charged conduct; or
- Present stop-legality or constitutional arguments under the guise of "context," "background," or "official duties."

//
//

### 2. Permitted Background Evidence

Nothing in the requested order would preclude the defense from:

- Presenting background evidence that the agents were federal officers engaged in official duties at the time of the incident;

- Contesting the factual sequence of events shown in the video or in testimony, including what Defendant did or did not do; or

- Raising a claim of self-defense based on excessive force **only** upon a threshold proffer made outside the presence of the jury and only to the extent permitted by the Court.

### 3. Procedure for Excessive-Force Claims

If Defendant intends to introduce evidence or argument predicated on excessive force, the defense must first notify the Court and make a threshold showing outside the presence of the jury establishing a factual basis for such a claim. A defendant is not entitled to present evidence of self-defense absent a sufficient evidentiary foundation, and the Court may exclude such evidence where no such foundation is established. United States v. Bailey, 444 U.S. 394, 415 (1980) (outlining the proffer requirement of an affirmative defense); United States v. Lemon, 824 F.2d 763, 765 (9th Cir. 1987) (discussing the foundational requirement for a self-defense instruction); see also United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (upholding a district court's exclusion of self-defense evidence where no proper foundation was laid). "Moreover, an individual who is the attacker [as here with Defendant Gomez Dzul]

12

cannot make out a claim of self-defense as a justification for an assault." Id.

Absent a threshold proffer, no evidence or argument concerning agent conduct beyond neutral background should be permitted. This procedure is necessary to prevent the jury from being exposed to collateral legal issues or arguments inconsistent with the Court's prior rulings.

### 4. Further Instruction to the Jury

The government intends to submit a jury instruction defining "official duties" consistent with the controlling law under 18 U.S.C. § 111. The government further reserves the right to request an appropriate limiting instruction should the progression of the trial and nature of the evidence presented warrant such an instruction to ensure the jury is not invited to consider issues outside of its proper scope.

## IV. CONCLUSION

This case turns on a single factual question: whether Defendant forcibly assaulted a federal agent engaged in official duties. The legality of the detention or arrest is not an element of the offense, has already been resolved by the Court as a matter of law, and has no place in the jury's deliberations. Permitting the defense to argue otherwise would invite confusion, nullification, and relitigation of issues outside of the jury's role. To ensure a fair and orderly trial focused on Defendant's conduct, the Court should grant the government's motion in limine and enter the requested order.

**DECLARATION OF JOHNPAUL LECEDRE**

I, JohnPaul LeCedre, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the Government in this matter.

2. **Exhibit 1** is a true and correct copy of the reproduced report of Agent O.I., a federal officer employed by the United States Custom and Border Protection agency. The included redactions are to protect the safety and security of O.I. The government has produced an unredacted copy to the defense subject to the parties' protective order.

3. The embedded photos in page 3 of this filing are screen captures of the body worn camera and social media videos which will be used as evidence in the trial on this matter. The government has previously produced these media to the defense.

4. I know from speaking with Department of Homeland Security Agents knowledgeable about this case and the defendant that Defendant Russel Gomez Dzul did not have lawful status to be in the United States on the date of the arrest, June 7, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 16, 2025.

/s/ *JohnPaul LeCedre*

1